**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAYE ELISE SLICE, | No. 12-15726 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-03253-PJH |
| v. | |
| ROBERT McFADDEN, Western Regional Director FBOP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Former federal prisoner Faye Elise Slice appeals pro se from the district

court's judgment in her action, brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants violated her Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and a dismissal for failure to exhaust administrative remedies under the Prison Litigation Reform Act, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We may affirm on any basis supported by the record. *Van Asdale v. Int'l Game Tech*., 577 F.3d 989, 994 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Slice's claims concerning pesticides, overcrowding, building dilapidation and "sick building syndrome" because Slice failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded a serious risk of harm to her health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prisoner must make a subjective showing that prison officials knew of and disregarded "an excessive risk to inmate health or safety"); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court properly dismissed Slice's remaining claims concerning the plywood incident, ventilation, food quality, lighting, mattresses, medical care, and disciplinary action without prejudice because Slice failed to exhaust her administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did

not clearly err in finding that Slice failed to pursue all levels of administrative remedies available to her. *Cf. Sapp v. Kimbrell*, 623 F.3d 813, 821-23 (9th Cir. 2010) (reviewing factual determinations for clear error and stating that exhaustion is not required where administrative remedies are rendered "effectively unavailable").

Dismissal of Slice's claims against defendant Watts was proper for the same reasons that dismissal of the claims against the moving defendants was proper. *See Farmer*, 511 U.S. at 837; *see also Ngo*, 548 U.S. at 93-95.

Slice's contentions concerning discovery and the court's alleged failure to construe her pleadings liberally are unpersuasive.

We do not consider Slice's allegations concerning lack of access to legal resource materials raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**